2026 IL App (1st) 251058-U

SECOND DIVISION
August 11, 2026

No. 1-25-1058

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| RONALD LEZONA EFFOUA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24L2445 |
| | ) | |
| TAYLOR FARMS ILLINOIS, INC., | ) | Honorable |
| | ) | Thomas M. Donnelly, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court lacked jurisdiction to consider the untimely appeal of the August 2024 final judgment, and the trial court properly denied plaintiff's subsequent petitions to vacate the judgment under Sections 2-1301 and 2-1401 of the Code of Civil Procedure.

¶ 2    Plaintiff, Ronald Lezona Effoua appeals various orders entered against him in his suit against defendant, Taylor Farms Illinois, Inc.

¶ 3    The record shows that on June 7, 2022, plaintiff filed a complaint with the Illinois Department of Human Rights (IDHR). Although a copy of plaintiff's complaint does not appear

in the record on appeal, the record indicates that he alleged, among other things, that while working for defendant between October of 2021 through June of 2022, he was subjected to "sexual harassment," "harassment due to his sexual orientation," and "harassment in retaliation for engaging in protected activity." He further alleged that he was discharged "due to his sexual orientation," and "in retaliation."

¶ 4       An IDHR investigator reviewed plaintiff's claims against defendant, and issued an "Investigation Report" finding that defendant was not plaintiff's employer. Rather, plaintiff was employed by Quality Staffing, who placed plaintiff with defendant as a temporary worker. Because plaintiff filed a charge "against an entity that was not Complainant's employer or joint employer," the IDHR investigator concluded that plaintiff did not "meet the definition of an 'employee,' within the meaning of Section 2-101(A) of the Illinois Human Rights Act," and the IDHR lacked jurisdiction over plaintiff's complaint.

¶ 5       Based on the investigation report, the IDHR sent plaintiff a "Notice of Dismissal" dated October 19, 2023, which enclosed the report and informed plaintiff that the IDHR had determined that there was "NOT jurisdiction to pursue the allegation(s) of the charge" and that the charge was "HEREBY DISMISSED." The notice further informed plaintiff that if he "disagree[d] with this action," he could seek review of the dismissal by either filing a "Request for Review" with the Illinois Human Rights Commission, or by filing a "civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice." The Notice also included an Affidavit of Service, which provided that plaintiff and defendant were both served with the IDHR Notice of Dismissal by U.S. Mail on October 19, 2023.

¶ 6       Almost five months later, on March 7, 2024, plaintiff filed a complaint in the circuit court alleging that defendant violated the Illinois Human Rights Act, 775 ILCS 5/101 et seq., by

purported discriminating against plaintiff on the basis of sexual orientation, harassing plaintiff due to his sexual orientation, and retaliating against him for engaging in unidentified protected activity. Plaintiff also contended that defendant slandered him by making false oral statements. Plaintiff alleged the discriminatory acts occurred between "October 22, 2021 through May 11, 2022." Plaintiff acknowledged that he previously filed a related complaint "related to these matters," before the IDHR, and that the complaint had been dismissed for lack of jurisdiction. Plaintiff attached the IDHR notice of dismissal, investigation report, and affidavit of service, to his complaint.

¶ 7     On July 5, 2024, defendant filed a motion to dismiss plaintiff's complaint with prejudice, arguing that his claims were untimely under the applicable statute of limitations. Defendant asserted that, under section 7A-102(D)(3) of the Human Rights Act, plaintiff was required to bring his claims of discrimination, harassment, and retaliation within 90 days of receipt of the notice of dismissal from the IDHR. 775 ILCS 5/7A-102(D)(3) (West 2024) ("If the complainant chooses to commence a civil action in a circuit court, the complainant must do so within 90 days after receipt of the Director's notice.") Defendant further asserted that plaintiff's slander claim was untimely, because plaintiff failed to file his complaint within one year of defendant's allegedly false oral statements. 735 ILCS 5/13-201 (West 2024) ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.").

¶ 8     Defendant also argued that even if the court found plaintiff's complaint timely, his claims should be dismissed for multiple substantive reasons, including that defendant was not plaintiff's employer, that plaintiff failed to set forth *prima facie* claims of discrimination, harassment, and

retaliation, and that plaintiff's general claim that defendant "defamed" him through a "false oral statements," was insufficient to plead a claim of slander.

¶ 9     Plaintiff responded to defendant's motion to dismiss on July 22, 2024. Among other things, defendant argued for the first time that defendant violated an "unwritten contract" with plaintiff, and contended that his claims were timely under the five-year statute of limitations for "actions on unwritten contracts" set forth in section 13-205 of the Code of Civil Procedure (Code). 735 ILCS 5/13-205 (West 2024).

¶ 10     On August 7, 2024, the trial court held a hearing on defendant's motion to dismiss, at which the parties set forth their positions on the applicable statute of limitations. In particular, plaintiff argued that his claims were timely filed pursuant to the five-year statute of limitations in section 13-205. 735 ILCS 5/13-205 (West 2024). After reading the text of that section, the trial court explained to plaintiff that section 13-205 did "not apply to [p]lantiff's action." Rather, it "applied to actions on unwritten contracts, awards of arbitration, to recover damages for an injury done to property; to recover property or damages from detention or convers[ion]; and all other civil actions that were not provided for by another statute." The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice, finding that plaintiff's claims were untimely.

¶ 11     Following the hearing, the trial court entered a written order granting defendant's motion to dismiss based on plaintiff's failure "to file his complaint within the respective statute of limitations" for his claims. The court found that his claims under the Human Rights Act were due on or before January 17, 2024, and his slander claim was due on or before May 22, 2023. Therefore, plaintiff's complaint filed March 7, 2024, was untimely.

¶ 12    Plaintiff filed a motion for reconsideration on August 15, 2024, which was denied on October 17, 2024. Plaintiff filed a notice of appeal on October 21, 2024.

¶ 13    Despite filing a notice of appeal, plaintiff continued filing motions in the circuit court. On October 23, 2024, plaintiff filed a "Motion to Alter or Amend [the] Judgment" pursuant to "Rule 59(e) of the Federal Rules of Civil Procedure." The trial court denied the motion on November 7, 2024.

¶ 14    The next day, on November 8, 2024, plaintiff filed a "Second Motion for Reconsideration." On November 12, 2024, the court entered a written order explaining that its August 7, 2025, order was an adjudication on the merits, and that a party may only "make one post-judgment motion *** within 30 days of that judgment. This court has considered and denied one post-judgment motion made by [plaintiff]. The court lacks jurisdiction to hear a second motion to reconsider made after 30 days of the judgment order."

¶ 15    Six days later, on November 18, 2024, plaintiff filed a "Section 2-1401 Petition to Vacate" as well as another "Second Motion to Reconsider." On November 21, 2024, the trial court struck plaintiff's renewed "Second Motion to Reconsider" and set a briefing schedule on plaintiff's section 2-1401 petition.

¶ 16    Then, on December 23, 2024, plaintiff filed a "Section 2-1301 Motion to Vacate," and an "Opposition to Defendant [Pursuant to] Section 2-608" on December 26, 2024.

¶ 17    On December 27, 2024, in the appellate court, plaintiff filed a motion to voluntarily dismiss his appeal. He stated that he wished to withdraw his appeal because the appeal "arose from a non-appealable order," and the circuit court lacked jurisdiction to hear his "second motion to reconsider." This court granted plaintiff's motion on January 6, 2025.

¶ 18   On January 14, 2025, the court entered an order dismissing plaintiff's Section 2-1401 petition with prejudice, finding that plaintiff "did not and could not prove any set of facts entitling him to relief." The court also struck plaintiff's "Opposition" and his "Section 2-1301 Motion."

¶ 19   Next, on January 22, 2025, plaintiff filed a "Memorandum of Law in Support" of his "Second Motion to Reconsider." On January 24, 2025, the trial court entered a written order explaining, again, that

> "a party may make only one post-judgment motion directed at the judgment order that is otherwise final and appealable within 30 days after entry. [Citation] This court has considered and denied one post-judgment motion made by [plaintiff] within the 30 day limit on October 17, 2024. The court lacks jurisdiction to hear a second motion to reconsider made after 30 days of the final judgment order. Therefore, the court strikes [plaintiff]'s second motion to reconsider."

¶ 20   Four days later, on January 28, 2025, plaintiff filed a document entitled "Order/Memorandum," which stated that he was requesting that the "court consider his stricken Second Motion to Reconsider, [and] Memorandum of Law."

¶ 21   The following day, on January 29, 2025, plaintiff filed an "Amended Section 2-1401 Petition to Vacate." Plaintiff alleged that he "disagreed" with the court's prior determination that he "did not and could not prove any set of facts entitling him to relief." Plaintiff contended that the "thrust of Plaintiff's section 2-1401 petition is that Defendant misled the court by making false assumptions that the Plaintiff failed to file his complaint within the respective statute of limitations." Plaintiff also alleged that the "investigation report was undiscovered or wrongly

withheld or falsified in discovery" which "would have prevented the entry of judgment against" him.

¶ 22    On March 10, 2025, plaintiff filed a "motion for sanctions" alleging that defendant "willfully and contumaciously abused legal process" and committed "perjury" in using the court to "harass and cause emotional distress to the [p]laintiff."

¶ 23    On May 8, 2025, the trial court held a hearing on plaintiff's amended section 2-1401 petition. After hearing oral arguments, the court denied the petition, explaining that plaintiff failed to show any facts which would prove he had a meritorious claim, and failed to bring forth any new evidence which would have supported his claim. Before the hearing concluded, plaintiff asked the trial court about his motion for sanctions against defendant. The trial court stated that the motion for sanctions "was also denied." The court instructed plaintiff "to file a claim with the ARDC if he felt that Defendant's counsel violated the Illinois Rules of Professional Conduct." Following the hearing, the court entered a written order denying plaintiff's amended section 2-1401 petition to vacate and his motion for sanctions.

¶ 24    Finally, on May 20, 2025, plaintiff filed a second "Section 2-1301 Motion to Vacate." Among other things, plaintiff alleged that he was "not required to allege or plead facts which demonstrate that the action was brought within the statute of limitations." Instead, plaintiff maintained that he "had the right to sue whether or not the statute of limitations had expired."

¶ 25    On May 21, 2025, the trial court entered a written order denying plaintiff's section 2-1301 petition. The court found that the petition was untimely, as that section allows a court to "set aside any final order or judgment" within "30 days after entry thereof." In addition to the untimeliness of the petition, the court further found that plaintiff's petition "functions substantively as a motion to reconsider." The court reminded plaintiff, once again, that a party

"may make only one post-judgment motion directed at the judgment order," and that the court had already considered and denied such motion on October 17, 2024. The court further explained that plaintiff did not present any basis for reconsideration, and only "repeat[ed] the same arguments" from his "other post-trial motions, which have already been considered and denied."

¶ 26    Plaintiff filed a notice of appeal on June 3, 2025, stating that he was appealing the trial court orders of May 21, 2025; May 8, 2025; and August 7, 2024.

¶ 27    In this court, plaintiff contends that the trial court erred in granting defendant's motion to dismiss and finding that his complaint was time-barred, and that it erroneously denied his first and second motions for reconsideration. Plaintiff also contends that the court erred in denying his Section 2-1301 and 2-1401 petitions.

¶ 28    As an initial matter, this court must consider our jurisdiction. A notice of appeal confers jurisdiction only if it is timely filed. *Royal Oak Condominium Ass'n, Inc. v. Stevenson*, 2025 IL App (1st) 242317, ¶ 26 ("[t]he timely filing of a notice of appeal is the (only) step that triggers appellate jurisdiction; if the notice of appeal is untimely, we lack jurisdiction."). The appellate court has no authority to "forgive jurisdictional defects" and if "jurisdiction is lacking, we have no recourse but to dismiss the appeal." *Id.*

¶ 29    Where a timely motion directed against the final judgment is filed, the appeal must be filed within 30 days of the denial of that postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "A party is entitled to only one post-judgment motion directed at the final judgment, filed within 30 days of the final judgment." *Royal Oak Condominium Ass'n, Inc.*, 2025 IL App (1st) 242317, ¶ 16 (citing Ill. S. Ct. R. 274 (eff. July 1, 2019)). Consequently, successive postjudgment motions do not affect the time for filing a notice of appeal. *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 Il App (1st) 200812, ¶ 25.

¶ 30    As our supreme court has explained:

> "There is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts and would lend itself to harassment. There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy. And justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing the next month. In the interests of finality, and of certainty and ease of administration in determining when the time for appeal begins to run, we reaffirm the rule * * * that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion." *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981).

¶ 31    The trial court entered the final judgment dismissing plaintiff's complaint with prejudice on August 7, 2024. Plaintiff filed a timely postjudgment motion on August 15, 2024, and that motion was denied on October 17, 2024. Under *Sears,* plaintiff's many subsequent post-judgment filings did not extend the time for filing the notice of appeal as to the August 7, 2024, judgment. To appeal the August 7, 2024, judgment, plaintiff was required to file a notice of

9

appeal by Monday, November 18, 2024—within 30 days of the denial of his first postjudgment motion.

¶ 32    The notice of appeal in this case, however, was not filed until June 3, 2025, more than six months after it was due. Because plaintiff's notice of appeal was untimely filed as to the August 7, 2024, judgment, this court lacks jurisdiction to consider that judgment and we must dismiss the portions of plaintiff's appeal purporting to challenge it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010).

¶ 33    Plaintiff contends that this court has jurisdiction to consider the August 7, 2024, order because he filed an earlier notice of appeal from that order on October 21, 2024. Plaintiff, however, moved to dismiss that appeal on December 27, 2024, and this court granted that motion on January 6, 2025. When a timely filed appeal is voluntarily dismissed, "the appellate court d[oes] not retain jurisdiction," and an earlier timely filed notice of appeal does not give this court jurisdiction over a later, untimely appeal from the same judgment. *People v. Dyas*, 2025 IL 130082, ¶ 24. In these circumstances, we have no jurisdiction to hear plaintiff's appeal from the August 7, 2024, judgment, and we must dismiss plaintiff's appeal as to that order.

¶ 34    We thus turn to plaintiff's remaining appellate challenges, regarding the trial court's denial of his 2-1301 and 2-1401 petitions. Plaintiff makes similar arguments for why the court erred in denying his petitions under either section. He contends that the court erred in denying his section 2-1401 petition because "defendant in this case made a false statement of fact" by asserting that "[p]laintiff failed to file his complaint within the respective statute of limitations." Regarding his section 2-1301 petition, plaintiff asserts that the court erred in denying the petition, because plaintiff "established that the [d]efendant's affirmative defense is unfounded"

where counsel for defendant "violated the Illinois Supreme Court Rule 3.3(a)(1), which provides that: 'A lawyer shall not knowingly make a false statement of fact or law to a tribunal.' "

¶ 35    A party may seek to set aside a final order under either section 2-1301 or 2-1401, and which section applies to a specific situation depends on the time at which such relief is requested. Section 2-1301(e) applies if relief is sought within 30 days (735 ILCS 5/2–1301(e) (West 2024) ( the trial court "may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable")), whereas section 2–1401 applies to motions filed more than 30 days after the entry of a final order or judgment (735 ILCS 5/2-1401 (West 2024) ("Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section"); *In re Marriage of Harnack,* 2014 IL App (1st) 121424, ¶ 52 ("Once the court's jurisdiction to vacate a final judgment under section 2-1301(e) lapses, section 2–1401 provides a means to reopen the judgment.").

¶ 36    In this case, plaintiff's section 2-1301 petition was filed on May 20, 2025, more than nine months after the August 7, 2024, judgment. Accordingly, the court lacked authority to set aside that judgment under section 2-1301, and the court properly denied plaintiff's petition filed under that section. See *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12 (a section 2-1301 motion to vacate must be filed either before judgment is entered or within thirty days following its entry).

¶ 37    Plaintiff's petition under section 2-1401 fares no better. The purpose of section 2-1401 is to allow a party to alert the court to facts that, if known at the time, would have precluded judgment from being entered. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). In order to be entitled to relief pursuant to section 2-1401, a party must set forth specific factual allegations to

establish (1) the existence of a meritorious claim, (2) due diligence in presenting the claim to the trial court in the original action, and (3) due diligence in filing the section 2-1401 petition. *In re Marriage of Buck*, 318 Ill. App. 3d 489, 493 (2000). "[A] defense adjudicated and rejected in the underlying action cannot be used again to satisfy the requirement of section 2-1401 that a showing be made that a meritorious defense exists." *Mt. Zion State Bank & Trust v. Weaver*, 226 Ill. App. 3d 783, 785 (1992). A petitioner bears the burden of establishing a right to relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, (1986). A section 2-1401 petition is not "a substitute for a timely post-judgment motion or a timely appeal," and it is not intended to "afford a litigant an opportunity to do that which could have been accomplished at an earlier proceeding." *Mortimer v. River Oaks Toyota, Inc.*, 278 Ill. App. 3d 597, 605 (1996).

¶ 38    In this case, plaintiff's allegations are insufficient to obtain relief under section 2-1401. As plaintiff explained, the "thrust" of his argument under section 2-1401 is that defendant "misled the court" regarding the applicable statute of limitations and the untimeliness of plaintiff's complaint. Although plaintiff attempts to characterize this as a factual issue, which he contends would have precluded the entry of the judgment, plaintiff is clearly making the same legal argument that the trial court has repeatedly rejected—that the court erred in concluding that his claims were time-barred. A section 2-1401 petition for relief from judgment "is not designed to provide a general review of all trial errors nor to substitute for direct appeal." *People v. Berland*, 74 Ill. 2d 286, 314 (1978). Plaintiff may not use section 2-1401 to repeatedly relitigate the same legal issue that was resolved in the August 7, 2024, order—a final judgment from which plaintiff abandoned his opportunity to appeal. See *Davis v. Chicago Transit Authority*, 82 Ill. App. 3d 987, 989 (1980) (a section 2-1401 petition to vacate "cannot be used to relitigate questions previously adjudicated by valid means. [Citation.] Nor can the provisions *** be

invoked as a substitute for a timely appeal.").

¶ 39    For the foregoing reasons, this court lacks jurisdiction to consider plaintiff's appeal from the judgment order of August, 7, 2024. We thus dismiss the appeal as to that judgment, and affirm the judgment of the circuit court of Cook County in all other respects.

¶ 40    Dismissed in part; affirmed in part.